UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ABDUL MUKHTAAR,                    :  <br>          Plaintiff,                              :           CIVIL ACTION NO.<br>                                                 :           3:15-cv-1148(JCH)<br>     v.                                            :<br>                                                 :<br>DR. KATHLEEN MAURER, et al.   :           NOVEMBER 9, 2015<br>          Defendants.                         : | |

**RULING AND ORDER**

      The plaintiff, Abdul Mukhtaar, is incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut.  He commenced this action by filing a complaint against Director of Health Services Kathleen Maurer, Clinical Director of Correctional Managed Health Care Johnny Wu, Director of Medical Quality and Resource Management Mary Ellen Castro, Health Services Administrator Rikel Lightner, Assistant Health Services Administrator Hiedi Greene and Dr. Omar Pillai.  On September 24, 2015, the court dismissed all federal claims pursuant to 28 U.S.C. § 1915A(b)(1) and declined to exercise supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367(c)(3).

      Because the plaintiff proceeds pro se, the court permitted him to file an amended complaint provided that he could assert specific facts to demonstrate the involvement of each defendant in the alleged deliberate indifference to his medical needs "with regard to a particular condition (e.g., his alleged enlarged prostate, his asthma condition, bunions and his eye injury)."  Initial Review Order 12, Doc. No. 9.  The court informed the plaintiff that the facts must "include a description of the particular medical condition(s), how it affected his daily life, the dates on which he made each defendant aware of his condition, his attempts to seek treatment for the condition(s) and the dates on which he received treatment."  Id.

The plaintiff has filed a document entitled Amended Complaint.  See Amended Complaint (Doc. No. 10) ("Am. Compl.").  The caption includes Dr. Kathleen Maurer as the only defendant.  The plaintiff states that he has attached requests and letters in chronological order that pertain to his medical conditions.  He requests that the court review all of the eighty-six pages of exhibits attached to the Amended Complaint and "reconsider his case."  Id. at 2 ¶ 3.

The plaintiff claims that he has suffered and continues to suffer from serious medical conditions and that the medical staff at MacDougall-Walker does not properly treat the conditions until Dr. Maurer gets involved.  See id. at 2 ¶ 6.  He states that he is waiting to be seen by an orthopedic surgeon regarding a procedure to address a bunion on his right foot, a doctor regarding a problem with his left eye and a physician regarding his rotator cuff and knee issues.   He also claims to be waiting to be seen by a dentist, but does not specify the need for the appointment.  See id. at 2 ¶ 7.

He seeks timely medical treatment and medication for his allegedly enlarged prostate, his asthma condition, bunions, his eye injury, and any other ongoing or pre-existing medical conditions that he might suffer from.  See id. at 3, ¶ 1.  He seeks an explanation of the side effects of any medication that a medical professional might prescribe for him as well as a description of the risks of any surgical procedure that he might undergo.  See id. at 3 ¶ 3.  He requests that he be provided with post-operative treatment, medication and physical therapy that might be necessary in the future.  See id.  Thus, the plaintiff seeks only injunctive relief.

In its Initial Review Order, the court was very specific with regard to what facts must be included in an amended complaint, if the plaintiff chose to file one.  The Amended Complaint includes one defendant, Dr. Maurer.  The only allegation with regard to her conduct is that she intervenes in order to ensure that medical treatment is provided to the plaintiff.  See id. at 2, ¶ 6.  No other defendants are mentioned or identified in the caption or body of the amended complaint.  The allegations in the Amended Complaint do not show that any medical professional has been deliberately indifferent to the plaintiff's various, identified medical needs.  Rather, the plaintiff alleges that he has either undergone surgical procedures to repair injuries to his feet or is waiting to undergo surgery or to be seen by physicians regarding his various medical conditions.  See id. at 2, ¶¶ 7, 8.  Further, it is not the duty of the court to review exhibits to determine whether the plaintiff might have a claim against a particular individual.

The plaintiff has not alleged that Dr. Maurer was deliberately indifferent to any medical or dental need.  Nor do the facts as alleged demonstrate that the plaintiff is in danger of imminent harm with regard to his requests for injunctive relief.  The claims against Dr. Maurer are dismissed.  See 28 U.S.C. § 1915A(b)(1).

## Conclusion

All claims in the Amended Complaint **(Doc. No. 10)** against the defendant, Dr. Maurer, are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).  The court declines to exercise supplemental jurisdiction over any state law claims.  See 28 U.S.C. § 1367(c)(3).  The Clerk is directed to enter judgment for the defendants and close this case.

The court will permit the plaintiff one more opportunity to file a second amended complaint, provided he can assert specific facts that show the involvement of each defendant in the alleged deliberate indifference to his medical needs with regard to a particular condition (e.g., his alleged enlarged prostate, his asthma condition, bunions and his eye injury. The facts should include a description of the medical condition(s), how it affected his daily life, the dates on which he made each defendant aware of his condition(s), his attempts to seek treatment for the condition(s), and the dates on which he received treatment. The caption of the proposed amended complaint must include the names of all the defendants against whom he has made such allegations. The plaintiff may **NOT** simply rely on exhibits attached to the proposed amended complaint to set forth facts in support of any claims against the defendants.

As indicated in its prior Order, the plaintiff may **NOT** include claims that might be raised by other inmates, claims regarding responses to his grievances or claims pertaining to the enforcement of settlement agreements/orders entered in state court cases, including the agreements/orders with regard to treatment for his undiagnosed broken leg.

If the plaintiff chooses to file an amended complaint, it must be accompanied by a motion to reopen the judgment and must be filed **within twenty one days** of the date of this Order.

**SO ORDERED.**

Signed at New Haven, Connecticut, this 9th day of November, 2015.

/s/ Janet C. Hall_____
Janet C. Hall
United States District Judge

4